IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY L. CROWELL                                                                                    PLAINTIFF

        v.                                    Civil No. 12-6012

LARRY MAY; WARDEN REED;
SERGEANT HEIDE; and
CORPORAL SCHMITT                                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis* and *pro se*. The case is currently before the Court on a motion to dismiss (Doc. 9) filed by the Defendants. Plaintiff filed a response to the motion (Doc. 11). The motion is ready for decision.

**1. Background**

According to the allegations of the complaint and attached documents, on October 12, 2011, at approximately 3:45 p.m., Plaintiff was in the south chow hall. Sergeant Heide and Corporal Schmitt were directing people where to sit. Plaintiff states he was unsure where he should sit so he just took the first available table.

Plaintiff alleges he was just sitting down, when he was ordered to leave the chow hall by Heide. Plaintiff maintains this would not have occurred if Heide had done her job. Because he missed a meal, Plaintiff maintains the actions of Heide violated his Eighth Amendment rights.

Plaintiff has submitted along with his complaint various witness statements taken following the incident. (Doc. 2 pgs. 7-10). Fellow inmates assert that they do not believe, because of the noise level, that Crowell heard Heide's order for him to move. One inmate report

that when Plaintiff failed to respond, Corporal Schmitt started to unbuckle his pepper spray and walk toward the Plaintiff. *Id.* at pg. 7. When Plaintiff finally understood and tried to move to another table, the fellow inmates state Heide ordered him leave the chow hall.

Plaintiff submitted a grievance about the incident. Heide responded to his grievance by writing: "Inmate Crowell did not sit with the rest of his barracks. He went an[d] sat with inmates that were about to leave. Then inmate Crowell argue[d] with me, Sgt. Heide, so I told him to leave the chow hall." (Doc. 2 at pg. 11).

Plaintiff's grievance was found to be without merit by Warden Reed. Plaintiff appealed and the decision was reviewed by Deputy Director May. Plaintiff contends both failed to consider all the evidence including the witness statements and video from the surveillance cameras.

As relief, Plaintiff asks that the Arkansas Department of Correction be ordered to pay his court costs. He also asks that Heide be reduced to the lowest possible rank.

**2. Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 129 S.

AO72A
(Rev. 8/82)

Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants move to dismiss the action on a number of grounds. However, we need review only their argument that the Plaintiff has failed to state a claim of constitutional dimension.

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his health. *See e.g., Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)(prisoners have a right to nutritionally adequate food); *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980)(prisoners are guaranteed a reasonably adequate diet). To prevail on an Eighth Amendment claim, Plaintiff must show the Defendants were deliberately indifferent to his dietary needs. *Wishon*, 978 F.2d at 449.

No such showing can be made on the facts asserted by Plaintiff as the basis of his claim. "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998)(expressing doubt that Talib who missed about fifty meals in five months and lost fifteen pounds met this threshold)(*quoting Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986); *see also Simmons v. Cook*, 154 F.3d 805, 808 (8th Cir. 1998)(in thirty-two hour confinement inmates missed four consecutive meals because their wheelchairs could not reach the food tray slot). One missed meal did not endanger Plaintiff's health in anyway. *See Jaros v. Illinois Dept. of Correction*, 684 F.3d 667 (7th Cir. 2012)(Occasional missed meal that did not endanger the inmate did not state a claim); *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999)("That [the inmate] may have missed one meal . . . does not rise to the level of a cognizable constitutional injury").

With respect to Plaintiff's arguments that his grievance was not properly processed, we find no claim of constitutional dimension exists. *Buckley v. Barlow*, 997 F.2d. 494, 495 (8th Cir. 1993)(prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983; grievance procedure is a procedural right only, and does not confer any substantive right on inmate). Plaintiff makes no argument that the grievance procedure impinged his right of access to the courts. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)("the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by a refusal to process grievances").

AO72A
(Rev. 8/82)

**4. Conclusion**

For the reasons stated, I recommend that Defendants' motion to dismiss (Doc. 9) be granted and this case dismissed with prejudice. The dismissal will count as a strike under the Prison Litigation Reform Act and the Clerk should be directed to place a § 1915(g) strike flag on the case .

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of February 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)